UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DWAYNE ALLEN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | No. 2:12-cv-0232-WTL-WGH |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Dwayne Allen for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I.     The Petition for Writ of Habeas Corpus**

**A. Background**

Petitioner Allen was convicted in 2001 in Howard County of felony robbery resulting in serious bodily injury, resisting law enforcement and criminal recklessness. The Indiana Court of Appeals affirmed the trial court's order that Allen be removed as co-counsel in *Allen v. State*, Cause No. 34A04-0104-CR-160 (Ind.Ct.App. Dec. 19, 2001) ("*Allen I*"). Allen subsequently filed a petition for post-conviction relief which was granted in part and denied in part. Allen was then resentenced without a sentencing hearing being held. Allen appealed the denial of post-conviction relief as to his ineffective assistance of appellate counsel claim and also challenged the post-conviction court's decision not to hold a sentencing hearing. The Indiana Court of

Appeals affirmed the denial of post-conviction relief as to these claims. *See Allen v. State*, Cause No. 34A02-1101-PC-52 (Ind.Ct.App. Feb. 24, 2012) ("*Allen II*"). Following the decision of the Indiana Court of Appeals, Allen sought transfer to the Indiana Supreme Court as to review of two issues. First, he claimed the Indiana Court of Appeals erred in concluding that his appellate counsel rendered ineffective assistance by not raising the issue of a competency evaluation. Second, Allen claimed that he was entitled to a sentencing hearing when he was resentenced. The Indiana Supreme Court denied transfer on December 2, 2011.

The filing of this action followed. Allen presents three claims. His first claim is that he was denied the right to participate as co-counsel, his second claim is that appellate counsel rendered ineffective assistance by not appealing the trial court's denial of his request for a competency evaluation and his third claim is that he was denied the right to be resentenced with counsel present. Allen's custodian has appeared in the action on behalf of the State of Indiana and argues that the habeas claims are either non-cognizable or procedurally defaulted. Allen has not replied.

### B. Discussion

The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (some internal citations and quotations omitted). Thus, "[t]o say that a petitioner's

claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

For Allen's first and third claims, the inquiry centers on procedural default and the limited scope of the court's review.

ABefore a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust h[is] state remedies, presenting h[is] claims fully and fairly to the state courts.@ *Howard v. O-Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. ' 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*,119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). As to this latter factor, "[f]orfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996); *see also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both

the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

In his direct appeal, Allen challenged the trial court's removal of Allen as co-counsel. This claim was not included in a petition to transfer to the Indiana Supreme Court. The consequence is that Allen has committed procedural default with respect to his habeas claim that the trial court improperly removed Allen as co-counsel by not presenting this claim to the state's highest court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). Moreover, this claim does not implicate any federally recognized interest, *see e.g., Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992)("Representation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Court's statement in *McKaskle* that the sixth amendment does not create a right to hybrid representation.")(citing *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984)), and hence is not cognizable under § 2254(a).

Allen's third claim is that he was entitled to the assistance of counsel at a post-conviction sentencing modification. This claim, as set forth in Allen's direct appeal, was based on Indiana law and does not implicate any federally recognized interest. Such a challenge–a challenge based on state law–is not within the scope of § 2254(a). *See Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)).

Allen's only remaining claim is that appellate counsel was ineffective in not challenging the trial court's denial of a competency hearing. A defendant has a right under the Sixth Amendment to effective assistance of counsel at trial. *Strickland v. Washington,* 466 U.S. 668,

687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the court's review of counsel's performance is highly deferential, and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of a case such as Allen presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted).

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The Indiana Court of Appeals reviewed Allen's ineffective assistance of appellate counsel claim in the post-conviction appeal and noted the *Strickland* standard. *Allen II*, at pp.6-7. The Indiana Court of Appeals then explained:

> Although the trial court also stated that it doubted Allen's competency to serve as his own co-counsel, specifically to deliver opening and closing arguments, Petitioner. Ex. F, this is not tantamount to a doubt as to his competency to stand trial. *See Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008) (holding that a person may be competent to stand trial even when he lacks the competency to conduct his own defense). Allen presented no evidence at the post-conviction hearing in support of a claim that he did not understand the proceedings at trial. Based on the limited record before us, we conclude that Allen has not met his burden of proving by a preponderance of the evidence that his appellate counsel provided ineffective assistance by not raising the issue of a competency evaluation.

*Allen II*, at p.9. As the foregoing shows, the Indiana Court of Appeals in *Allen II* "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Allen's claim of ineffective assistance of counsel on appeal does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, at 1111 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

### C. Conclusion

Allen's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th

Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] As the foregoing discussion demonstrates, this court's view is that he received all that the Constitution requires.

> For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant's theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.

*Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000). This court has carefully reviewed the state record in light of Allen's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Allen to relief in this case. Allen's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Allen has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)).

therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

_William T Lawrence_

Date: 7/10/13

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Dwayne Allen
DOC #110951
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111